UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK SANCHEZ,<br><br>Defendant. | 4:19-CR-40113-KES<br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Frank Sanchez, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 176. Plaintiff, the United States of America, asserts that Sanchez's compassionate release motion should be denied. Docket 178 at 4-6. For the following reasons, Sanchez's motion for compassionate release is denied.

**BACKGROUND**

On December 3, 2019, Sanchez was indicted and charged with one count of aggravated sexual abuse and two counts of abusive sexual contact. Docket 1. Following a three-day jury trial, Sanchez was found guilty of one count of abusive sexual contact. *See* Docket 133 ¶ 2; Docket 112. On September 13, 2021, the court sentenced Sanchez to 87 months in custody. *See* Docket 176 at 4; Docket 139; Docket 141. Sanchez is currently 70 years old and incarcerated at FCI Texarkana. *See* https://www.bop.gov/inmateloc/ (last

accessed January 5, 2026) (Register No. 90614-298). As of January 5, 2026, Sanchez has served just over four years of his federal sentence. His current estimated statutory release date is June 17, 2027. *Id.*

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-

initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id. 2023 Amendments in Brief,* U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited June 23, 2024). The policy statement was further amended on November 1, 2024, to prohibit acquitted conduct from being relevant in sentencing. U.S.S. G. § 1B1.3(c), amend. 826.

I.   **Administrative Exhaustion**

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Sanchez submitted a request for compassionate release to his case manager on May 15, 2025, instructing that the request be sent to the warden. *See* Docket 176-2 at 1. The case manager denied his request on May 17, 2025, stating that this sentence reduction would need to be addressed by the sentencing court. *Id.* The United States acknowledges that Sanchez has

3

satisfied the exhaustion requirement. *See* Docket 178 at 3; *see United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s procedural requirement as a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it."). Thus, the court will review the merits of Sanchez's motion.

**II.     Extraordinary and Compelling Reasons**

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)-(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an unusually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at

4

the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

Sanchez requests that the court grant him a sentence reduction because acquitted conduct was used to enhance his sentence, which he argues is "similar in gravity" to other circumstances identified in the sentencing guidelines that meet the extraordinary and compelling standard. *See* Docket 176 at 4-8; Docket 179 at 2-3. Sanchez argues that consideration of acquitted conduct at the time of sentencing constitutes an extraordinary and compelling reason because it violates U.S.S.G § 1B1.3(c).[1] *See* Docket 176 at 5-8. He argues that without the use of this acquitted conduct, his sentencing range would fall to 41-51 months, so he seeks a reduction to that timeframe. *Id.* at 8. Thus, the court will consider Sanchez's request under U.S.S.G § 1B1.13(b)(5), the "other reasons" category.

---

[1] Effective November 1, 2024, the Sentencing Commission promulgated Amendment 826. Due to Amendment 826, U.S.S.G § 1B1.3(c) now provides: "Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." U.S.S.G § 1B1.3(c).

5

The United States argues that the amendment to U.S.S.G. § 1B1.3(c)—to prohibit the use of acquitted conduct in sentencing—is not to be applied retroactively. *See* Docket 178 at 4. Further, the United States asserts that the Eighth Circuit has held that non-retroactive changes to the law cannot constitute an extraordinary and compelling reason for reducing a sentence. *Id.* at 4-5; *see also United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Sanchez responds that he is relying on the underlying policy reasoning and not the amendment itself in support of his argument that his case demonstrates extraordinary and compelling reasons for a sentence reduction. *See* Docket 179 at 2.

Sanchez has failed to provide sufficient evidence to render his situation extraordinary or compelling under U.S.S.G. § 1B1.13(b)(5). As such, he does not qualify for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). A sentence reduction under U.S.S.G. § 1B1.13(b)(5), requires a situation that is "similar in gravity" or a combination of other subsections of extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(5). Other subsections place high burdens on the defendant to establish an extraordinary and compelling reason for the defendant's release. For example, U.S.S.G. § 1B1.13(b)(3), the family circumstances category, requires the defendant show that they are the *only* available caregiver for their child or parent, demonstrating the narrow confines of the extraordinary and compelling reasons under which compassionate release will be allowed. U.S.S.G. § 1B1.13(b)(3)(B). Sanchez's argument is not sufficient to meet the high burden demonstrated in other

6

subsections and thus this situation is not one that is "similar in gravity."

Furthermore, the policy Sanchez cites was passed after he was sentenced, *see* U.S.S.G. § 1B1.3(c), and it does not apply retroactively, *see, e.g., United States v. Stewart*, 2024 WL 4699902, at *1 (D. Minn. Nov. 6, 2024); *United States v. Dunn*, 2025 WL 1364166, at *4 (D. Minn. May 12, 2025). Further, the Eighth Circuit has held that "a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *See Crandall*, 25 F.4th at 586. Thus, the court finds that Sanchez has not met the burden for an extraordinary or compelling reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

### III. Sentencing Factors

The 18 U.S.C. § 3553(a) sentencing factors confirm that compassionate release is unwarranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Sanchez was convicted of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3). *See* Docket 133 ¶¶ 1-2; Docket 176 at 2; Docket 178 at 1. While Sanchez only had a criminal history score of one, *see* Docket 133 ¶ 45, the court views Sanchez's actions negatively because of the victim's young age and his supervisory control over the victim, *id.* ¶ 33. Thus, the court finds the first factor cuts against release.

7

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The court finds that because Sanchez has only served just over 4 years of a 7-year sentence, a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Sanchez's punishment would not be severe enough to act as an effective deterrent. 18 U.S.C. § 3553(a)(2)(B). Thus, the court finds the § 3553(a) factors weigh against Sanchez, and the court denies Sanchez's compassionate release motion.

## CONCLUSION

Sanchez has failed to satisfy the extraordinary and compelling reason standard under 18 U.S.C. § 3582(c)(1)(A). Thus, it is

ORDERED that the defendant's motion (Docket 176) for relief under the First Step Act is denied.

Dated January 26, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE